925 F.2d 1478
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Peggie N. NELSON, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 90-3357.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1991.
 
 DECISION
 RICH, Circuit Judge.
 
 
 1
 Petitioner appeals from the March 9, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. CH07529010092, which became the final decision of the Merit Systems Protection Board (MSPB) on April 13, 1990. We affirm.
 
 OPINION
 
 2
 The AJ affirmed respondent's reduction of petitioner's pay grade for (1) excessive unauthorized absence from assignment; (2) failure to follow the instructions of her supervisor; and (3) deliberate disruption of the work area. Petitioner challenges the AJ's decision on several grounds, primarily evidentiary.
 
 
 3
 With respect to the exclusion of petitioner's proposed witnesses, the AJ's ruling on the matter stated that "[a]ny exception to this [witness] summary must be filed within ten days...." Petitioner failed to file any exceptions, however, and therefore cannot now be heard to complain that the absence of testimony from the excluded persons was prejudicial. Moreover, the AJ found that petitioner had not shown that the excluded persons, four of whom were former supervisors and two of whom were co-workers, would provide relevant and material evidence concerning the charges at issue.
 
 
 4
 Petitioner next challenges the AJ's decision to allow Mr. Johnson, petitioner's supervisor at the time of the charged misconduct, to testify at the administrative hearing from his personal journal, which petitioner's counsel had not previously examined. Petitioner cites a criminal case for the proposition that upon proper demand, a party is entitled to examine any paper or memoranda used to refresh the memory of an opposing party's witness, and to use the document in cross-examination. See Marcus v. United States, 422 F.2d 752, 754 (5th Cir.1970). However, formal rules of evidence do not control in MSPB proceedings. See Debose v. Dep't of Agric., 700 F.2d 1262, 1268 (9th Cir.1983). In any event, even if the AJ erred in disallowing examination of Mr. Johnson's journal, petitioner has not shown that that error was harmful. A proper foundation was established for the journal, which Mr. Johnson used to refresh his recollection regarding details of employee attendance and daily operations. The AJ informed petitioner's counsel that "[y]ou can ask him questions about the book" during cross-examination. Any resulting prejudice stems from counsel's own failure to question Mr. Johnson regarding the journal, not the AJ's ruling.
 
 
 5
 Petitioner also questions the substantiality of the evidence underlying the AJ's decision, particularly his finding that the testimony of Mr. Johnson was more credible than that of petitioner. However, credibility determinations are the province of the administrative judge who heard the witnesses' testimony and observed their demeanor. As such, they are "virtually unreviewable" by this court. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Although petitioner submits that the AJ improperly "ignored" the testimony of petitioner's witness, Mr. Manteca, we find no error in the absence of an explicit analysis of every component of the evidence considered by the AJ. See Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906, 229 USPQ 664, 667 (Fed.Cir.) ("We presume that a fact finder reviews all the evidence presented unless he explicitly expresses otherwise."), cert. denied, 479 U.S. 931 (1986).
 
 
 6
 Petitioner next assigns error to the AJ's refusal to mitigate the penalty imposed, i.e., reduction in grade, to a lesser penalty such as a suspension. We disagree. The AJ analyzed the penalty imposed in light of the factors set forth in Douglas v. Veterans Admin., 5 MSPR 280 (1981), including petitioner's 24 years of service with the agency, but concluded that these simply did not mitigate the serious nature of petitioner's misconduct. That misconduct included display of "willful insolence toward her supervisor," the AJ found, and was a "continuation of a pattern of misconduct."
 
 
 7
 In sum, we do not find the AJ's decision arbitrary, capricious, contrary to the law, an abuse of discretion, or unsupported by substantial evidence, 5 USC 7703(c), and accordingly affirm.